**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CASH CAPITAL, LLC; AMERICA'S STRATEGIC ORE PROPERTIES, LLC; and ROBERT WILSON,

Defendants.

Case No. 17-cv-01536-BAS-AGS

**ORDER GRANTING SEC'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT ROBERT WILSON SHOULD NOT BE HELD IN CIVIL CONTEMPT**

**(ECF No. 54)**

Before the Court is the Securities and Exchange Commission's ("SEC") Motion for an Order to Show Cause Why Defendant Robert Wilson Should Not Be Held in Civil Contempt ("Motion"). (ECF No. 54.) For the reasons stated below, the Court **GRANTS** the SEC's Motion.

This Motion is based on an underlying securities fraud case brought by the SEC against Defendant in July 2017. (*See* Compl. ECF No. 1.) The SEC alleged that Defendant defrauded unsophisticated investors by soliciting investments through an unregistered offer and sale of securities in a purported mining property in Arizona (the "Yuma King project") and then misappropriated their money for his personal use. On April 25, 2019, the Court entered a final consent judgment ("Final Judgment") resolving the claims of fraud and the unregistered offer and sale of securities. (Final J., ECF No. 51.) The deadline to pay the full amount owed under the Final Judgment was October 22,

2019. (Final J. § V (stating that Defendant was required to satisfy his obligation within 180 days.) This Court retained jurisdiction to enforce the Final Judgment. (Final J. § VIII.)

The SEC files the instant Motion to hold Wilson in contempt, alleging that he has not made any payments to satisfy his obligations under the Final Judgment. (Mem. of P. & A. in supp. of Mot. ("Mem. of P. & A.") at 6; *see* Decl. of Michael J. Roessner ¶ 4, ECF No. 54-3.) The SEC alleges that Wilson has failed to comply with two provisions of the Final Judgment: (1) an injunction that prohibits him from offering and selling securities (the "Securities Injunction"); and (2) an order to disgorge $1,540,000, plus prejudgment interest in the amount of $205,376.25 (the "Disgorgement Order").[1][2] (Mem. of P. & A. at 7–8.)

As to the first provision, the SEC alleges that after entering in the Final Judgment, Wilson continued "to lull investor-victims" by sending emails implying that he intended to sell or finance the Yuma property to repay investor funds and by promoting a new investment scheme promising high returns on a "gold milling venture." (*Id.* at 10–11; *see* Ex. A to Decl. of Connie Page ("Page Decl."), ECF No. 54-2; Ex. 3 to Decl. of Terry R. Miller ("Miller Decl."), ECF No. 54-9.) Further, the SEC alleges that Wilson continues to make the same representations that were the subject of the initial fraud claims and

[1] Specifically, the Securities Injunction and Disgorgement Order state, respectively:

> Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his[] own personal account.
>
> . . .
>
> Defendant is liable jointly and severally with Defendants Cash Capital, LLC and America's Strategic Ore Properties, LLC for disgorgement of $1,540,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $205,376.25.

(Final J. §§ IV, V.)

[2] The SEC does not seek a contempt finding for Wilson's failure to pay a civil penalty of $184,767 also imposed by the Final Judgment that Wilson has yet to pay.

misleads investors about the contents and meaning of the Complaint and Final Judgment in this action. (*Id.* at 11; *see* Ex. B to Page Decl.; Exs. 2, 4–8 to Miller Decl., ECF Nos. 54-8, 54-10 through 54-14.) As to the second, the SEC claims that Wilson has failed to disgorge any of the amount ordered in the Final Judgment. (*Id.* at 11.) The SEC investigated Wilson's ability to pay and found that he has spent $450,000 since January 1, 2019. (*Id.*; *see* Ex. 2 to Roessner Decl., ECF No. 54-5.)

As the SEC points out, Wilson's responses to the Motion do not dispute the allegations in the Motion. Rather, Wilson requests continuances to pay the amount due under the Final Judgment. He alleges that his ability to pay "was based entirely upon [his] buyers' financial capability and future stability outlook," which has purportedly dried up due to the COVID-19 pandemic. (*See* Opp'n & Decl. of Robert W. Wilson to OSC § 4–5, ECF No. 67.) He further represents that he has "absolutely no ability to pay the $1.7 million at this time." (*Id.* § 7.) However, he offers no response to the SEC's claims about his violations of the Final Judgment and about the evidence undermining his claimed inability to pay.

As such, the Court finds it appropriate to **ORDER** Wilson to show cause why he should not be held in contempt for violation of the Securities Injunction and for failure to comply with the Disgorgement Order. The Court further **ORDERS** the following:

(1) Wilson is to submit any memorandum in opposition by **October 14, 2020**.

(2) A show cause hearing is set for **October 28, 2020 at 2:00 PM**. Wilson will have the opportunity at this hearing to show cause why he should not be held in civil contempt and to address appropriate sanctions for contempt, including but not limited to disgorgement of all funds obtained in violation of the Securities Injunction.

(3) To understand the full scope of Wilson's offer of securities and his ability to disgorge any amounts ordered to be disgorged, order Wilson shall file, by **September 30, 2020**, a sworn accounting of:

a. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Robert Wilson or any entity he controls, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

b. All investments, securities, funds, real estate, and other assets held in the names of Robert Wilson or any entity that he controls, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets; and

c. Every transaction in which the ownership, direction, or control of any funds or other assets of any kind of have been transferred, directly or indirectly, to or from Robert Wilson or any entity he controls since April 25, 2019.

(4) The parties may engage in expedited discovery under Federal Rules of Civil Procedure 30, 33, 34, 36, and 45 into Wilson's offer and sale of investments since the date of the Final Judgment and his ability to pay amounts owed under the Disgorgement Order.

**IT IS SO ORDERED.**

**DATED: September 11, 2020**

Cynthia Bashant

**Hon. Cynthia Bashant**
**United States District Judge**