# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>  v.<br><br>CASH CAPITAL, LLC; AMERICA'S STRATEGIC ORE PROPERTIES, LLC; and ROBERT WILSON,<br><br>                      Defendants. | Case No. 17-cv-01536-BAS-AGS<br><br>**ORDER FINDING DEFENDANT ROBERT WILSON IN CIVIL CONTEMPT AND CONTINUING SHOW CAUSE HEARING** |

On May 26, 2020, the Securities and Exchange Commission ("SEC") filed a Motion for an Order to Show Cause Why Defendant Robert Wilson Should Not Be Held in Civil Contempt ("Motion"), alleging that Mr. Wilson had not made any payments to satisfy his obligations under a final consent judgment entered on April 25, 2019 resolving securities fraud claims. (ECF No. 54.) On September 11, 2020, the Court granted the Motion ("Order"). (ECF No. 69.) Among other things, the Court set a show cause hearing for October 28, 2020 and required Defendant Wilson to submit a sworn accounting of his finances by September 30, 2020. (*Id.* at 3–4.)

Mr. Wilson did not submit a sworn accounting by the deadline. On October 9, 2020, nine days after Mr. Wilson's deadline to comply with the Court's order, the SEC filed a Notice of Noncompliance noting that Mr. Wilson neither filed a sworn accounting with the Court nor sent a copy to the Commission. (ECF No. 70.)

The SEC appeared telephonically and Mr. Wilson appeared in-person for the hearing on October 28, 2020. (ECF No. 73.) As of the date of the hearing, Mr. Wilson failed to submit a sworn accounting or otherwise provide any of the information required by the Court.

Mr. Wilson disobeyed a specific and definite order of this Court and did not demonstrate at the hearing or otherwise that he took all reasonable steps to comply but was unable to do so. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). Accordingly, and as stated on the record during the hearing, the Court **FINDS** Mr. Wilson in **CIVIL CONTEMPT** of the Court's September 11, 2020 order because of his failure to provide an accounting as ordered.

Mr. Wilson is **ORDERED** to comply with the Court's order and provide a sworn accounting of the following information by **December 7, 2020**:

(1) Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Robert Wilson or any entity he controls, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

(2) All investments, securities, funds, real estate, and other assets held in the names of Robert Wilson or any entity that he controls, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets; and

(3) Every transaction in which the ownership, direction, or control of any funds or other assets of any kind of have been transferred, directly or indirectly, to or from Robert Wilson or any entity he controls since April 25, 2019.

**Mr. Wilson is warned that if he fails to timely comply, he will be fined $10,000 for each day of noncompliance.** *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("[C]oercive civil sanctions, intended to deter, generally take the form of conditional fines."); *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003) ("Civil penalties must either be compensatory or designed to coerce compliance.").

Mr. Wilson is **FURTHER ORDERED** to provide to the SEC the following:

1  (1) His current bank account information by **November 4, 2020**.

2  (2) Responses to the post-judgment document requests and interrogatories—
3 which were previously propounded in this action—by **December 7, 2020**.

4 Lastly, the Court **CONTINUES** the show cause hearing to **December 9, 2020** at
5 **2:00 p.m.** Mr. Wilson is once again required to appear in person for this hearing, and
6 counsel for the SEC may appear by phone using the same teleconference information
7 provided by the Court for the October 28, 2020 hearing. (*See* ECF No. 72.) At that
8 hearing, the Court will determine whether Mr. Wilson should be held in contempt for his
9 failure to comply with the Final Judgment (ECF No. 51), as requested by the SEC. The
10 SEC shall update the Court about the status of this case the day before the hearing.

11 **IT IS SO ORDERED.**

13 **DATED: October 28, 2020**

Hon. Cynthia Bashant
United States District Judge